IN THE CIRCUIT COURT FOR QUEEN ANNE'S COUNTY, MARYLAND

| | |
|---|---|
| CARL A. GAIL<br>6 Berger Court<br>Middletown, DE 19709 | * |
| and | |
| | * |
| NAJALAH J. HOWARD<br>6 Berger Court<br>Middletown, DE 19709 | |
| and | |
| | * |
| BELINDA R. HOWARD<br>6 Berger Court<br>Middletown, DE 19709 | |
| | *     CASE NO.:    C-17-CV-21-000102 |
|     Plaintiffs, | |
| v. | |
| WILLIAM OSBORNE<br>14898 Rue Highland<br>Pierrefonds, QC 0000000 | * |
| and | |
| | * |
| TYCORRA INVESTMENTS, INC.<br>14898 Rue Highland<br>Pierrefonds, QC 0000000 | |
|     SERVE ON:<br>    Resident Agent<br>    William Osborne<br>    14898 Rue Highland<br>    Pierrefonds, QC 0000000 | * |
| | * |

**Exhibit A**

## COMPLAINT

CARL A. GAIL, NAJALAH J. HOWARD, and BELINDA R. HOWARD, Plaintiffs, by NATHAN E. BERRY and SAIONTZ & KIRK, P.A., their attorneys, brings forth this Complaint to sue WILLIAM OSBORNE and TYCORRA INVESTMENTS, INC., Defendants, and state:

## FACTS COMMON TO ALL COUNTS

1.  That on or about the 28th day of December, 2019, Plaintiff, CARL A. GAIL, was operating a motor vehicle on U.S. Route 301, which is located in Queen Anne's County, Maryland. Plaintiffs, NAJALAH J. HOWARD and BELINDA R. HOWARD, were passengers in said motor vehicle.

2.  That on that same date and time, Defendant WILLIAM OSBORNE, was also operating a motor vehicle (which was owned/insured by Defendant TYCORRA INVESTMENTS, INC.) on U.S. Route 301, which is located in Queen Anne's County, Maryland.

3.  That Defendant, WILLIAM OSBORNE, carelessly, recklessly, and negligently caused the vehicle he was operating to collide with Plaintiffs' vehicle while he was switching lanes.

4.  That at all times relevant hereto, Defendant WILLIAM OSBORNE was acting as the agent, servant, and/or employee of Defendant TYCORRA INVESTMENTS, INC. and was acting within the scope of his employment and/or agency, and with the permission – express

    a)      in failing to keep said motor vehicle under proper and sufficient control;

    b)      in failing to keep a proper lookout;

    c)      in failing to exercise ordinary care to avoid a collision;

    d)      in failing to yield the right of way to another vehicle;

    e)      in traveling at an excessive rate of speed for the conditions then and there existing;

    f)      in operating said vehicle in a reckless and careless manner; and

    g)      in other respects not now known to the Plaintiffs but which may become known prior to or at the time of trial.

6. That additionally, or in the alternative, the said collision was directly and proximately caused by and did result from the recklessness, carelessness, and negligence of the Defendant, TYCORRA INVESTMENTS, INC., acting by and through its agent, servant, and/or employee, Defendant, WILLIAM OSBORNE, who was acting within the scope of his employment and/or agency, including but not limited to the following respects:

    a)      in failing to keep said motor vehicle under proper and sufficient control;

    b)      in failing to keep a proper lookout;

    c)      in failing to exercise ordinary care to avoid a collision;

    d)      in failing to yield the right of way to another vehicle;

    e)      in traveling at an excessive rate of speed for the conditions then and there

## COUNT I

7. That Plaintiff, CARL A. GAIL, hereby incorporates all preceding paragraphs as if fully set forth herein.

8. That Plaintiff, CARL A. GAIL, alleges that all of his losses and damages – past, present, and prospective – were proximately caused by the negligence of the Defendants, without any negligence on his part contributing thereto.

9. That at all times relevant hereto, Plaintiff, CARL A. GAIL, exercised due care for his own safety.

10. That as a direct and proximate result of the collision, Plaintiff, CARL A. GAIL, was forcibly and violently thrown about; and

   a) was thereby caused to sustain serious and permanent injuries to his head, neck, back, body, and limbs;

   b) was and will be caused to suffer great physical pain and mental anguish;

   c) suffered shock to his nerves and nervous system;

   d) was and will be required to obtain the care and treatment of hospitals and physicians for his injuries at considerable expense;

   e) was and will be unable to engage in his occupation for a period of time, thereby losing considerable income; and

   f) was and will be unable to engage in those duties, activities, and pursuits for which

WHEREFORE, Plaintiff, CARL A. GAIL, demands judgment against the Defendants, WILLIAM OSBORNE and TYCORRA INVESTMENTS, INC., jointly and severally, for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus interest and the cost of this action.

## COUNT II

12. That Plaintiff, NAJALAH J. HOWARD, hereby incorporates all preceding paragraphs as if fully set forth herein.

13. That Plaintiff, NAJALAH J. HOWARD, alleges that all of her losses and damages – past, present, and prospective – were proximately caused by the negligence of the Defendants, without any negligence on her part contributing thereto.

14. That at all times relevant hereto, Plaintiff, NAJALAH J. HOWARD, exercised due care for her own safety.

15. That as a direct and proximate result of the collision, Plaintiff, NAJALAH J. HOWARD, was forcibly and violently thrown about; and

    a)    was thereby caused to sustain serious and permanent injuries to her head, neck, back, body, and limbs;

    b)    was and will be caused to suffer great physical pain and mental anguish;

    c)    suffered shock to her nerves and nervous system;

    d)    was and will be required to obtain the care and treatment of hospitals and

  f)  was and will be unable to engage in those duties, activities, and pursuits for which she was and is otherwise qualified.

16.  That as a result of the said collision, Plaintiff, NAJALAH J. HOWARD, was, is, and will be otherwise hurt, injured, and damaged.

WHEREFORE, Plaintiff NAJALAH J. HOWARD demands judgment against the Defendants, WILLIAM OSBORNE and TYCORRA INVESTMENTS, INC., jointly and severally, for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus interest and the cost of this action.

## COUNT III

17.  That Plaintiff, BELINDA R. HOWARD, hereby incorporates all preceding paragraphs as if fully set forth herein.

18.  That Plaintiff, BELINDA R. HOWARD, alleges that all of her losses and damages – past, present, and prospective – were proximately caused by the negligence of the Defendants, without any negligence on her part contributing thereto.

19.  That at all times relevant hereto, Plaintiff, BELINDA R. HOWARD, exercised due care for her own safety.

20.  That as a direct and proximate result of the collision, Plaintiff, BELINDA R. HOWARD, was forcibly and violently thrown about; and

  a)  was thereby caused to sustain serious and permanent injuries to her

    d)    was and will be required to obtain the care and treatment of hospitals and physicians for her injuries at considerable expense;

    e)    was and will be unable to engage in her occupation for a period of time, thereby losing considerable income; and

    f)    was and will be unable to engage in those duties, activities, and pursuits for which she was and is otherwise qualified.

21. That as a result of the said collision, Plaintiff, BELINDA R. HOWARD, was, is, and will be otherwise hurt, injured, and damaged.

WHEREFORE, Plaintiff BELINDA R. HOWARD demands judgment against the Defendants, WILLIAM OSBORNE and TYCORRA INVESTMENTS, INC., jointly and severally, for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus interest and the cost of this action.

Respectfully submitted,

_____
Nathan E. Berry/ CPF No. 1106150022
SAIONTZ & KIRK, P.A.
3 South Frederick Street
Suite 900
Baltimore, MD 21202
(410) 385-7423 (direct)
(410) 539-0346 (facsimile)
nberry@saiontzkirk.com
Attorneys for Plaintiffs

IN THE CIRCUIT COURT FOR QUEEN ANNE'S COUNTY, MARYLAND

| | |
|---|---|
| CARL A. GAIL<br>6 Berger Court<br>Middletown, DE 19709 | * |
| and | |
| | * |
| NAJALAH J. HOWARD<br>6 Berger Court<br>Middletown, DE 19709 | |
| and | * |
| BELINDA R. HOWARD<br>6 Berger Court<br>Middletown, DE 19709 | |
| | *        CASE NO.:   C-17-CV-21-000102 |
| Plaintiffs, | |
| v. | |
| WILLIAM OSBORNE<br>14898 Rue Highland<br>Pierrefonds, QC 0000000 | * |
| and | |
| | * |
| TYCORRA INVESTMENTS, INC.<br>14898 Rue Highland<br>Pierrefonds, QC 0000000 | |
| SERVE ON:<br>Resident Agent<br>William Osborne<br>14898 Rue Highland<br>Pierrefonds, QC 0000000 | * |

## DEMAND FOR JURY TRIAL

The Plaintiffs elect to have the above-captioned matter tried before a jury.

_____
Nathan E. Berry/ CPF No. 1106150022

IN THE CIRCUIT COURT FOR QUEEN ANNE'S COUNTY, MARYLAND
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT   **CASE NUMBER** C-17-CV-21-000102 (Clerk to insert)

**CASE NAME:** CARL A. GAIL ET AL   vs.   WILLIAM OSBORNE, ET AL
                Plaintiff                      Defendant

**PARTY'S NAME:**   **PHONE:**
**PARTY'S ADDRESS:**
**PARTY'S E-MAIL:**

**If represented by an attorney:**
**PARTY'S ATTORNEY'S NAME:** Nathan E. Berry, ESQ.   **PHONE:** (410) 385-7423
**PARTY'S ATTORNEY'S ADDRESS:** 3 S. Frederick Street, Suite 900, Baltimore, MD 21202
**PARTY'S ATTORNEY'S E-MAIL:** nberry@saiontzkirk.com

**JURY DEMAND?** ☒ Yes ☐ No
**RELATED CASE PENDING?** ☐ Yes ☒ No   If yes, Case #(s), if known:
**ANTICIPATED LENGTH OF TRIAL?:** ___ hours   2 days

### PLEADING TYPE

**New Case:** ☒ Original   ☐ Administrative Appeal   ☐ Appeal
**Existing Case:** ☐ Post-Judgment   ☐ Amendment

*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☒ Motor Tort
☐ Negligence
☐ Nuisance

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☒ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☒ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated Liability above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☒ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|
| ☐ Under $10,000   ☐ $10,000 - $30,000   ☐ $30,000 - $100,000   ☒ Over $100,000 |
| ☐ Medical Bills $_____   ☐ Wage Loss $_____   ☐ Property Damages $_____ |

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|
| Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply) |
| A. Mediation    ☒ Yes  ☐ No          C. Settlement Conference   ☒ Yes  ☐ No |
| B. Arbitration  ☒ Yes  ☐ No          D. Neutral Evaluation       ☒ Yes  ☐ No |

| SPECIAL REQUIREMENTS |
|---|
| ☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041** |
| ☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049** |

| ESTIMATED LENGTH OF TRIAL |
|---|
| *With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*   *(Case will be tracked accordingly)* |
| ☐ 1/2 day of trial or less      ☐ 3 days of trial time |
| ☐ 1 day of trial time            ☐ More than 3 days of trial time |
| ☒ 2 days of trial time |

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|
| *FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.* <br><br> ☐ **Expedited** - Trial within 7 months of Defendant's response     ☐ **Standard** - Trial within 18 months of Defendant's response |
| *IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.* |

| CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE) | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff............................................ . |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

| CIRCUIT COURT FOR BALTIMORE COUNTY | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |